[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY VISITATION (#105) DEFENDANT'S MOTION TO MODIFY CUSTODY (#108)
This is a story that can have no happy ending. It involves two young parents, who after divorcing, want to go about their lives on the opposite sides of the United States. They have assigned the court the difficult task of deciding with which parent their children will primarily reside with in the future.
After a fourteen year marriage producing four children, the marriage of the parties was dissolved in New York State, with the final judgment rendered on February 26, 1998. The plaintiff was awarded sole legal and physical custody of the four children. They are: Berit, born October 10, 1984; Brett, born May 14, 1986; Kelly, born July 14, 1988; and Drew, born July 23, 1990.
The plaintiff, with the children, moved from New York to Connecticut in January, 1996. At the same time, the defendant also moved into Connecticut. The parties have continuously resided in Connecticut since 1996. CT Page 6897
In March, 1998, the defendant first learned that the plaintiff intended to relocate with the children to the state of her birth, California. This information triggered a flurry of activity, first in the courts of New York, and later Connecticut. The defendant's purpose was to prevent the plaintiff from taking the children to live in California, and the plaintiff sought an alteration of the defendant's visitation schedule in view of the children's intended new residence.
The plaintiff filed a motion to dismiss the defendant's New York action addressing the relocation issue on the basis that New York no longer had jurisdiction over the care and custody of the children. A hearing was held on the issue of jurisdiction in the Supreme Court of the State of New York, county of Westchester. before the Honorable Anthony A. Scarpino, Jr.
On August 13, 1998, the New York court found that New York had continuing jurisdiction but indicated after having conferred with the Honorable John F. Kavanewsky, Jr., of the Superior Court of Connecticut, it would decline jurisdiction after the filing of an appropriate action in Connecticut. This condition was complied with by both parties filing the motions that are presently before this court.
Section 46b-104 of the Connecticut General Statutes covers the subject of jurisdiction of this court when dealing with the request for modification of a custody decree of another state. This court finds it has jurisdiction to consider the pending motions because: 1. The New York court that rendered the original decree has declined to assume jurisdiction to modify the decree, and 2. Connecticut has jurisdiction because both parties have resided in Connecticut continuously since 1996.
This court took evidence on the present motions on May 11, 1999, May 12, 1999, May 13, 1999, May 14, 1999, May 18, 1999, May 19, 1999, May 20, 1999, and May 21, 1999. The evidence presented included testimony from both parties; Doctor Harry Adamokis, clinical psychologist; Michael Hull, Family Services Counselor; Elizabeth Sharpe, Guardian ad litem for the minor child, Drew, a school teacher, a relative and friends of the parties.
Both parties were represented by counsel. The children had their counsel, as well as the minor child, Drew having a guardian ad litem. All counsel represented their clients vigorously and were most helpful to the court by fully presenting all the CT Page 6898 necessary information required to make the difficult decisions required.
On August 18, 1998, the Supreme Court of Connecticut issued the decision of Ireland v. Ireland, 246 Conn. 413, which dealt with the issue of relocation of children. That case instructs the trial court as to burdens of proof and criteria to consider in making decisions involving this issue. The court has followed the dictates of that case in reaching its decision.
Evidence was first taken in reference to the plaintiff's, the custodial parent, burden on the purpose of seeking to relocate. After both parties presented evidence, in an oral ruling from the bench, this court found that the plaintiffs intended move was for legitimate purposes. She is a native of California, was raised there, and her family, parents and sibling, reside there. They are avail able for the support required for a recently divorced single parent who has no relatives on the east coast. Also, the quality of life in California is better for the plaintiff because of her family and other benefits she grew up enjoying. The court further found the proposed location was reasonable in light of the purposes stated.
The defendant then proceeded with his burden to prove, by a preponderance of the evidence, that the relocation would not be in the best interests of the children.
The Irelanddecision stated the basic law, 46b-56 (b), that the best interests of children must always govern decisions involving custody or visitation matters.
Dr. Harry Adamokis, a clinical psychologist, was retained by the attorney for the children to perform a psychological evaluation and family study. He started on October 27, 1998 and completed his assignment on February 16, 1999. Doctor Adamokis testified over a two day period and produced a twenty-seven page report. (Exh. 3)
The doctor's conclusions included the following:
1. Each party is equally capable of parenting the children;
2. All the children desire to remain living in Connecticut;
 3. The children are still in the process of adapting to their CT Page 6899 parents separation and divorce. During the last three years in Connecticut, the children have developed some stability and support from their social relationships and their connections to school and extracurricular activities. The constancy and neutrality of these experiences have been very important to them. To uproot the children at this time would continue the upheaval in their lives that started three years ago;
 4. The children feel rejected by the plaintiff. The damage caused in their relationship with her would be difficult to correct if they are required to move to California with her;
 5. The defendant is in a better position to facilitate a relationship by the children with the plaintiff. The children trust the defendant, believe he is trying to accommodate them, and they mistrust the plaintiff; The doctor recommended that the defendant be awarded sole legal and physical custody, and the children should remain in Connecticut with him. The doctor also recommended a liberal visitation schedule for the plaintiff.
Michael Hull, family services counselor, performed a custody evaluation. The matter was referred to his office on October 1, 1998, and he finished his work on May 5, 1999. He testified at trial and his report was marked as an exhibit. (#38).
Mr. Hull recommended that the parties have joint legal custody of the children and that all the children reside primarily with the defendant. He also proposed a detailed visitation schedule for the plaintiff.
The reasons for the recommendations included the defendant's ability and willingness to take on the role of primary parent; the children's desire to remain together in Connecticut; their current unresolved angry feelings towards their mother; and their needs for relief from the family upheaval by remaining in the stable environment that they presently have.
The counselor's conclusions about the plaintiffs sensitivity as to her children's needs and her motives for moving are reasonable and well expressed. Mr. Hull is complimented for his efforts in this case.
The guardian ad litem has posited that it would be in the best interest of her ward, Drew, for Drew to continue to reside in Connecticut, along with her siblings, with the defendant. CT Page 6900
The court's findings after considering the criteria suggested by Ireland are as follows:
(1) The plaintiff offers valid reasons for moving to California. She was born and raised there. The plaintiffs mother, father and brother reside in California. They provide a support system she requires. She has no blood relatives on the east coast. She intends to continue her education there. Also, she believes the quality of life is better in that state in that it offers more recreational opportunities for the children, and a more favorable climate. The defendant's opposition to the children relocating with their mother is found to be properly motivated. The defendant enjoys a close, loving relationship with the children and is involved in their lives. He exercises regular and frequent visits with them and spends time in their extracurricular activities. He desires to be continually involved in their daily lives. He is also motivated by his wish to accommodate their wanting to remain in Connecticut.
(2) Both parents are capable custodians and enjoy a close, loving relationship with their children. Both are actively involved in their children's daily lives.
(3) The plaintiff has offered liberal visitation rights to the defendant if the children relocate to California. The defendant would have substantial periods with them in the summer and school vacations. In view of the defendant's current involvement with his children, however, their relocation would severely impair his future contacts with them. The defendant has involved himself regularly with the children's school, extracurricular and social activities. The defendant and the children would suffer from their separation.
(4) The court believes the plaintiff when she states her quality of life will be better in California. As for the children, it does not appear that their quality of life will improve any more than they currently enjoy. All their material needs are met presently. They have access to a spacious home in Greenwich, many friends and relatives in the area and familiar schools.
(5) There currently exists some hostility between the parties. This, obviously, has a negative impact on the children. The CT Page 6901 situation should improve when the present litigation ends.
 After considering all the evidence, the court concludes that it would not serve the best interests of the children for them to presently relocate to California with their mother. Significant considerations that led to this conclusion include:
 (1) The children are still struggling to adjust from the breakup of this family which started with the commencement of the divorce action in 1995, and was followed by the separation of the parties in January, 1996 when the children moved to Connecticut with the plaintiff. Some stability has been accomplished in the last three years. The children have a support system here through school, friends and relatives. This should not be disturbed at the present time without the showing of significant advantages for their moving. This has not occurred.
 (2) The current quality of life for the children economically, emotionally and educationally is excellent and difficult to improve on. In this area, there is no substantial benefit to making a change.
 (3) The children wish to remain in Connecticut. They mistrust their mother and blame her for trying to uproot them and take them away from their father and friends. This hostility towards the plaintiff, hopefully, will disappear in the future. The court concurs with Dr. Adamokis's opinion that it will be less difficult to resolve the hostile feelings towards the plaintiff if the children can remain in Connecticut.
 (4) The recommendations of Dr. Adamokis, the guardian ad litem for the minor child, Drew, and the family services counselor all concur that the children should remain in Connecticut. Their reasons are logical, persuasive, and have merit.
The defendant has sustained his burden of proof that it would not be in the children's best interests to relocate to California. The plaintiffs motion to modify visitation (#105) is denied.
It is important for the plaintiff to know that the court finds her to be a capable, qualified and loving parent. It CT Page 6902 believes her when she reports that she is emotionally drained from the hostility created by the protracted litigation in this case and that she needs to distance herself from Connecticut. As the plaintiff acknowledges, the children also require some relief from the never ending battle between their parents. The children's needs, however, are not best served by moving away at the present time. They require the stability of their current support system in Connecticut and an opportunity to resolve their angry feelings towards the plaintiff while living in Connecticut.
The children need their mother. The plaintiff is urged to continue to maintain a meaningful relationship with them.
The plaintiff has indicated she intends to move to California even after an adverse decision on her motion. In view of the finding that it would not be in the best interests of the children to relocate with the plaintiff, an alteration of the custodial arrangement is required. With the moving from Connecticut by the plaintiff, a substantial change of circumstances will have occurred since the original orders addressing custody. The defendant is found to be a capable and willing custodial parent.
The defendant's motion to modify custody (#108) is granted.
The parties shall share joint legal custody of their four minor children. The children shall reside primarily with the defendant. The defendant shall keep the plaintiff informed on all matters affecting the health and education of the children and provide her an opportunity to participate in all decisions affecting those issues.
The plaintiff shall have liberal and reasonable visitation rights, which shall include the following:
 (1) Unlimited telephone access to the children. The defendant shall provide the children with their own phone and separate telephone number to accommodate the plaintiffs ability to reach them;
 (2) For the school summer vacation of 1999, the plaintiff shall have three weeks visitation with the children in California. If the parties are unable to agree as to the three week period, it shall be in July on dates selected by the plaintiff;
CT Page 6903
 (3) For the school summer vacations starting in the year 2000, the plaintiff shall have visitation for a six week period, in either California, Connecticut or on planned tips elsewhere, at her option. Absent an agreement as to vacation dates, the parties shall alternately designate the six week period annually. They shall designate the dates by no later than February 1st of each year, with the plaintiff making the first election for the year 2000. Failure to elect timely shall result in a forfeiture of the right of election;
 (4) At Christmas vacation the children shall spend the first half of their vacation with their mother in California from the day school recesses until December 29th
 (5) The children shall spend each of their spring school breaks with the plaintiff in California;
 (6) The plaintiff shall have as frequent visits in Connecticut as desired with up to one week in duration upon 15 days notice;
 (7) At the plaintiff' option, she may stagger visits of the children so that all four need not visit at the same time.
The parties may file appropriate motions if they seek an alteration in the current outstanding alimony and child support orders.
Judgments may enter accordingly.
So Ordered.
Novack, J.